UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN LEWIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-cv-00274-CVE-MTS |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is a motion for partial dismissal by defendant State Farm Fire and Casualty Company (Dkt. # 17). In March 2025, defendant filed a notice of removal for this action, which had been commenced by plaintiff Marilyn Lewis in Mayes County District Court. Therein, plaintiff sought relief from three defendants: State Farm; the Rhett Minson Agency, Inc., the agency through which she purchased a State Farm insurance policy for her home; and Johnathon Rhett Minson, a State Farm agent who owned and operated the agency. Dkt. # 2; Dkt. # 2-3, ¶¶ 5-7. Plaintiff's claims arose from the alleged denial of her claims for wind and hail damage to the roof of her home, on the pretense that the damage was less than her deductible and out of the eventual cancellation of her policy. Dkt. # 2-3, ¶¶ 74-81. Defendant State Farm removed this action on the basis that plaintiff had fraudulently joined defendants Minson and the Rhett Minson Agency, both citizens Oklahoma, to destroy diversity jurisdiction. Dkt. # 2, ¶¶ 4-10. Plaintiff moved to remand (Dkt. # 23), which the Court denied, and it dismissed all claims against defendants Minson and the Rhett Minson Agency based on fraudulent joinder (Dkt. # 39, at 12). In the interim, defendant State Farm moved for partial dismissal, seeking to dismiss plaintiff's claim for constructive fraud and negligent misrepresentation (count four), both because it is unsupported by the allegations contained in the

complaint under Federal Rule of Civil Procedure 12(b)(6), and because, as a matter of law, Oklahoma does not recognize a claim of fraud against an insurer arising from its handling of an insurance claim. Dkt. # 17, at 1.

## I.

In February 2025, plaintiff filed suit in Mayes County District Court against defendants State Farm, Johnathon Rhett Minson, and the Rhett Minson Agency, arising out of State Farm's denial of plaintiff's claims for hail and wind damage to the roof of her home following a series of storms.[1] See Dkt. # 2-2, ¶¶ 75-84. Plaintiff claims she was entitled to coverage for the damage under the policy she was sold by an agent of the Rhett Minson Agency, but which State Farm denied as part of an alleged scheme in which it pretextually denies claims for roof repairs and replacements following hail and wind damage. Id. ¶¶ 85, 121. Therefore, plaintiff sought relief against all three defendants, claiming breach of contract against defendant State Farm (count one); breach of the duty of good faith and fair dealing against defendant State Farm (count two); negligent procurement of insurance against defendant Johnathon Rhett Minson, a State Farm agent (count three); and constructive fraud and negligent misrepresentation against defendants State Farm, Johnathon Rhett Minson, and the Rhett Minson Agency, Inc. (count four). Dkt. # 2; Dkt. # 2-3, ¶¶ 110-46. In June 2025, plaintiff moved to remand this action to Mayes County District Court, arguing that there was no complete diversity among defendants based on viable claims against defendants Minson and the Rhett Minson Agency, who were properly joined. Dkt. # 23, at 13-24. The Court denied plaintiff's

---

[1] The Court discusses the factual background of this case in further detail in its January 22, 2026, opinion and order, which it does not repeat here. See Dkt. # 39.

2

motion, dismissing all claims against defendants Johnathon Rhett Minson and the Rhett Minson Agency. Dkt. # 23, at 12.

Defendant State Farm has now moved for partial dismissal of plaintiff's claim for constructive fraud and negligent misrepresentation (count four). Dkt. # 17, at 1. It argues that under Federal Rule of Civil Procedure 9(b), plaintiff fails to meet the fraud-specific standard of plausibly alleging sufficient facts to support her claim of construct fraud and negligent misrepresentation. Id. at 3-6. In essence, plaintiff fails to set forth the "who, what, when, where, and how of the alleged fraud" including the "time, place, and contents of the false representations, the identity of the party making the false statements, and the consequences thereof." Id. at 4 (quoting U.S. ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah, 472 F.3d 702, 726-27 (10th Cir. 2005) (abrogated on other grounds by Cochise Consultancy, Inc. v. U.S. ex rel. Hunt, 487 U.S. 262 (2019))). Moreover, defendant maintains that plaintiff's fraud claim rests entirely on conclusory allegations, and the claim fails as to both its lack of specificity and its failure to distinguish between actions taken by State Farm and those taken by the defendants no longer before this Court. Id. at 4-5. Finally, defendant asserts that plaintiff fails to state a claim because Oklahoma law does not recognize an action for fraud against an insurer. Id. at 8. Defendant argues that Oklahoma recognizes only two types of claims against insurers, for actions arising out of a breach of contract and breach of the implied duty of fair dealing and good faith; because Oklahoma courts have established that insurers do not owe the insured a fiduciary duty, plaintiff's claim as to fraud and misrepresentation must fails as a matter of law. Id. at 7-9.

Plaintiff responds that she has met the pleading standard required to state a claim of fraud, alleging with sufficient specificity the time when and location where the fraudulent statements were

made, defendant's involvement in the statements, and the consequences of defendant's statements. Dkt. # 41, at 3-4. Plaintiff asserts she need not distinguish between statements made by defendant State Farm and non-parties Minson and the Rhett Minson Agency, arguing that because Minson and the Rhett Minson Agency acted on behalf of defendant State Farm, they "speak for State Farm." Id. at 4. Plaintiff further contends that under Oklahoma law, plaintiff is permitted to pursue both contract claims and fraud claims, simultaneously. Id. at 5-6. Finally, plaintiff insists that she states a viable claim for constructive fraud because Minson's failure to disclose what he knew about State Farm's scheme to deny coverage is a failure to disclose attributable to State Farm, and therefore it can maintain a viable claim for constructive fraud. Id. at 6-7. Defendant replied (Dkt. # 42), and its motion is ripe for review.

## II.

When faced with a motion to dismiss under Rule 12(b)(6), a court is tasked with discerning whether the plaintiff has stated a claim upon which relief can be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. If the allegations contained in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Okla. ex rel. Dep't of Hum. Servs., 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 570). The allegations must also "be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim to relief." Id. (citing

Twombly, 550 U.S. at 555-56). Put differently, for a claim to survive a Rule 12(b)(6) motion, there must be "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "'mere labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." Kan. Penn. Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Twombly, 550 U.S. at 555); see also Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976) ("A motion to dismiss under Fed. Rules Civ. Proc., rule 12(b)(6) admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.").

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). The facts alleged "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citation omitted) (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (3d ed. 2004)). For the purposes of making a dismissal determination, a court must accept as true all well-pleaded allegations in the complaint and construe the allegations in the light most favorable to the claimant. Iqbal, 556 U.S. at 678-79.

Federal Rule of Civil Procedure 8(a)(2) mandates a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." In cases in which a plaintiff alleges fraud, however, those claims are examined using a more stringent standard. See FED. R. CIV. P. 9(b); see also Seattle-First Nat'l Bank v. Carlstedt, 800 F.2d 1008, 1010 (10th Cir. 1986). "In

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct, . . . and to be construed as to do substantial justice.'" Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir.1997). In practice, this requires a plaintiff alleging a claim for fraud to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Id. (citing Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir.1991)).

### III.

Defendant raises two main arguments with respect to the deficiencies in plaintiff's pleading as to her claim of constructive fraud and negligent misrepresentation against State Farm. First, defendant argues that under Rule 12(b)(6) and Rule 9(b), plaintiff has not alleged facts sufficient to state a claim of fraud that is plausible on its face. Dkt. # 17, at 3-6. Second, defendant argues that even if plaintiff could allege with sufficient particularity a claim of fraud against it, Oklahoma law precludes an action for fraud against an insurer. The Court begins with Oklahoma law.

**A. Oklahoma Law on Constructive Fraud by Insurers**

Plaintiff asserts her claim of constructive fraud under the theory that insurance companies, through their agents, have an affirmative duty to disclose exclusions within the policies they market at the time of contracting once an agent has selectively disclosed facts that might create a false impression. Dkt. # 41, at 6-7. Plaintiff cites to Gentry v. American Motorist Insurance Co., 867 P.2d 468 (Okla. 1994), to support her claim in arguing that Oklahoma law recognizes insurance

6

agents' duties as imputable to insurers because "[w]hen the insured suffers a loss they believe to be covered based on the representations of an agent, constructive fraud may be established." Dkt. # 41, at 6-7. She claims that the agent's "failure to disclose State Farm's widespread scheme on behalf of State Farm is, inherently, a failure to disclose by State Farm." Id. at 7. In Gentry, the Oklahoma Supreme Court discussed several cases in which Oklahoma courts held "the statements and conduct of the agent writing the policy [to be] binding upon his principal." 867 P.2d at 472 (citing Com. Cas. Co. v. Connellee, 9 P.2d 952, 9 (Okla. 1970); Ohio Cas. Ins. Co. v. Callaway, 145 F.2d 788, 790 (10th Cir. 1943)). In Gentry, an insurance company was found to have a duty to inform the insured, by its agents, of the policy's exclusions at the time of the negotiation. Id. at 472 (citing Hubbard v. Bryson, 474 P.2d 407, 410 (Okla. 19970) ("If on account of peculiar circumstances there is a positive duty on the part of one of the parties to a contract to speak, and he remains silent to his benefit and to the detriment of the other party, the failure to speak constitutes fraud." (citing Morris v. McLendon, 27 P.2d 811 (Okla. 1933); Barry v. Orahood, 132 P.2d 645 (Okla. 1942))).

Defendant argues that plaintiff is barred under Oklahoma law from maintaining a claim for constructive fraud and negligent misrepresentation against it, as an insurer. Dkt. # 17, at 6-9. First, Oklahoma law cannot support a fraud claim against an insurer by an insured because courts have repeatedly held that insurers owe no fiduciary duty to an insured. Id. at 8 (citing Cosper v. Farmers Ins. Co., 409 P.3d 147, 150 (Okla. Ct. Civ. App. 2013); Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1281 (N.D. Okla. 2006); Latta v. Great Am. Life Ins. Co., 60 F. App'x 219, 220-21 (10th Cir. 2003)). Second, the Oklahoma Supreme Court in Lewis v. Farmers Insurance Co., 681 P.2d 67 (Okla. 1983), articulated that, based on its previous decisions, it recognizes "two causes of action which may be asserted premised on the existence of an insurance contract: an action

7

based on the contract; and an action for breach of the implied duty to deal fairly and in good faith." Id. at 69 (citing Christian v. Am. Home Assur. Co., 577 P.2d 899 (Okla. 1978)). Therefore, Oklahoma law prohibits a litigant from pursuing a constructive fraud claim that is premised on the existence of an insurance contract. See Parrish v. Liberty Mut. Ins. Co., No. 22-CV-802-HE, 2022 WL 17083650, at *1 (W.D. Okla. Nov. 17, 2022) (citing Fox v. Overton, 534 P.2d 679, 681 (Okla. 1975)).

The dispute here lies in whether plaintiff's claim is for constructive fraud in the formation of the contract based on a duty that arose pursuant to an agent's false impression or in the denial of insurance coverage post-formation. Defendant is correct in asserting that Oklahoma law does not recognize a cause of action for constructive fraud based on an the insurer's handling of claims under an extant policy. See Parrish, 2022 WL 17083650, at *1 (citing Lewis, 681 P.2d 67; Christian, 577 P.3d 899). Also under Oklahoma law, an insurer does not inherently owe any fiduciary duty to an insured, so long as the transactions between them are conducted at arms' length. Cosper, 409 P.3d at 150; Silver v. Slusher, 770 P.2d 878, 883-84 (Okla. 1988). However, Oklahoma law does recognize the affirmative duty of an insurer to speak and disclose when an insurance agent selectively discloses facts that might create a false impression *at the time of the negotiation*; allegedly selective disclosure creates a duty that permits a litigant to claim constructive fraud as to the formation of the insurance contract. Speciality Beverages, L.L.C. v. Pabst Brewing Co., 537 F.3d 1165, 1181 (10th Cir. 2008) (citing Gentry, 867 P.2d at 472 n.3; Uptegraft v. Dome Petroleum Corp., 764 P.2d 1350, 1353 (Okla. 1988)); Uptegraft, 764 P.2d at 1353 ("Although a party may keep absolute silence and violate no rule of equity, yet, if he volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole

truth"). The Tenth Circuit has, as plaintiff underscores, recognized that Oklahoma law allows a litigant to pursue both fraud and breach-of-contract claims, although it cautions against the possibility of duplicative damages being awarded. Id. at 1180. Therefore, the Court need not, as a matter of law, dismiss plaintiff's claim for constructive fraud on the basis that defendant is an insurer, so long as plaintiff sufficiently alleges that the duty arose based on an agent's selective disclosure. However, given Oklahoma law on this issue, the Court must limit its determination to whether plaintiff states a claim with sufficient particularity as to fraud during the formation of the contract.

**B. Whether Plaintiff Pleads Constructive Fraud with Sufficient Particularity**

Claims of fraud are analyzed under Federal Rule of Civil Procedure 9(b), which states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." In practice, Rule 9(b) requires a litigant to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (quoting Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991)). Where multiple defendants are alleged to have participated in fraud, the complaint must distinguish the actions of each defendant, offering fair notice of the grounds for the claims made against each defendant. Robbins, 519 F.3d at 1250; see also Lillard v. Stockton, 267 F. Supp. 2d 1081, 1102 (N.D. Okla. 2003) ("[W]here fraud is alleged against multiple defendants, blanket allegations of fraud couched in language such as 'by the defendants' are insufficient."). As the Tenth Circuit has opined, this aspect of notice pleading prevents plaintiffs from "'wait[ing] until the last minute to ascertain and refine the theories on which

they intend to build their case' by using a 'late shift in the thrust of their case' to potentially prejudice the opposing party." Shyers v. Metro. Prop. & Cas. Ins. Co., No. 24-5036, 2025 WL 2088721, at *10 (10th Cir. July 25, 2025) (quoting Evans v. McDonald's Corp., 936 F.2d 1087, 1091) (10th Cir. 1991)).[2]

Plaintiff's allegations as to constructive fraud begin, in earnest, with paragraph 135 of her complaint, which starts "Defendants made material representations," followed by eleven sub-lettered paragraphs that do not distinguish among the three defendants named in plaintiff's amended complaint. Dkt. # 2-3, ¶ 135(a)-(k). These allegations suffer from the very problem of which Robbins warned. 519 F.3d at 1250. They offer no notice to any defendant as to plaintiff's claims against it or him, as distinguished from those made against any other defendant. Even if the actions of Minson and the Rhett Minson Agency are attributable to defendant State Farm because they were capable of binding defendant in providing coverage to plaintiff, the basis for State Farm's liability must still be alleged as deriving from specific actions by given actors. Plaintiff's claims, at least as to these paragraphs, do not meet the minimum pleading standard under Rule 9(b).

Plaintiff then includes three paragraphs of allegations, including twenty-one sub-lettered paragraphs, in which she alleges that the "agent" misrepresented material facts as to the policy and the nature of the insured property. Dkt. # 2-3, ¶¶ 136-38. Although these allegations, unlike those preceding, specify the actor, they do not specify which "agent" (if both the agency and Minson are the "agents") made the false representations, or the time when or location where the false representations were made. See Koch, 203 F.3d at 1236. Operatively, they do not specify whether

---

[2]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

these representations all took place prior to contracting. Plaintiff draws the Court's attention to State Farm Fire & Casualty Insurance Co. v. Shao, No. 19-CV-496-CVE-FHM, 2020 WL 3429036 (N.D. Okla. June 23, 2020), in which this Court found that a plaintiff had sufficiently alleged the time, place, and contents of a fraud claim, and which plaintiff seeks to use as support for a finding that her complaint meets this bar. Dkt. # 41, at 3-5. In Shao, the plaintiff alleged some facts to give defendant notice as to when the fraudulent statements were made, including as "during the insurance application process" and "in applying for insurance coverage for the Property owned by [defendants], located at" a given address. 2020 WL 3429036, at *3. Here, however, plaintiff fails to offer any specific temporal guideline, alleging facts using the refrain that misrepresentation took place while "selling and renewing," "purchasing and renewing," or "at the time the [p]olicy was issued and with each renewal." Dkt. # 2-3, at ¶¶ 136-46. Because plaintiff's claims lack specificity as to exactly what took place when—which actions took place before the policy's purchase, at its issuance, after its issuance, or during the renewal(s)—the Court is unable to discern whether plaintiff's claims are properly alleged as arising out of the formation of the contract rather than out of the contract itself.

For this claim, plaintiff's remaining allegations are conclusory allegations, such as "[p]laintiff were [sic] misled by [a]gent's misrepresentations and constructive fraud," and "[a]gent's misrepresentations constitute constructive fraud." Id. at ¶¶ 139-46. These allegations are precisely what the Supreme Court in Twombly characterized as "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555. They fail to "raise a right to relief above the speculative level" and do not state a claim. Id. Plaintiff's allegations as to constructive fraud and negligent misrepresentation are, therefore, insufficiently particular to meet the pleading standard required for an allegation of fraud, as they either fail to specify who took the fraudulent action or when the

11

fraudulent action was taken, leaving the Court unable to discern whether a viable claim has been stated. Because plaintiff fails to state her claim as to constructive fraud and negligent misrepresentation (count four) with sufficient particularity as required by Rule 9(b), and the Court must therefore grant defendant's motion for partial dismissal as to count four.

**IT IS THEREFORE ORDERED** that defendant's motion for partial dismissal (Dkt. # 17) is **granted**. Plaintiff's constructive fraud/negligent misrepresentation claim (count four) against defendant State Farm is **dismissed**.

**IT IS SO ORDERED** this 11th day of March, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE